UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v**                                                              **CASE NO: 8:15-cr-00284-RAL-MAP-7**

**JOHN PINEDA,**

_____/

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the Defendant, **JOHN PINEDA**, through undersigned counsel, and respectfully submits this Sentencing Memorandum for the Honorable Court's consideration. Mr. Pineda qualifies for the "Safety Valve" pursuant to § 5C1.2 and 18 U.S.C. § 3553(f). Additionally, he asks for consideration of 18 U.S.C. § 3553(a) factors to achieve a sentence of 120 months, which is the mandatory minimum but below the guideline range.

## STATEMENT OF THE CASE

Defendant Pineda admitted his guilt and accepted responsibility in the instant case through an early plea agreement with the Government. His guilty plea was accepted by this Court on October 1, 2015. This Court adjudicated him guilty of Count One: Conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, contrary to 46 USC §§ 70503(a), 70506(a) and (b), and USC § 960(b)(1)(B)(ii). Pursuant to the plea agreement, Count II will be dismissed at sentencing. Mr.

Pineda has no objection to the Statement of Facts as outlined in the Plea Agreement and Presentence Investigation Report ("PSR").

## I. GUIDELINE CALCULATIONS

The instant offense carries a minimum term of imprisonment of ten years and a maximum term of life. A probationary term of five years of supervised release is required, however, Mr. Pineda is a citizen of Colombia and currently has an ICE hold. It is likely that he will be deported after serving his prison term.

The Pre-Sentence Report (PSR) recommends a base level of 38 for Mr. Pineda. He has been given a downward adjustment for clearly demonstrating his acceptance of responsibility. Additionally, Mr. Pineda meets the criteria set forth in § 5C1.2, 2D1.1 (b)(17) and 18 USC § 3553(f), as shown below:

1. Mr. Pineda does not have more than one criminal history point.
2. He did not use violence, threats of violence or weapons in connection with the offense.
3. The offense did not result in death or serious bodily injury.
4. Mr. Pineda was not an organizer, leader, or manager.
5. Mr. Pineda has truthfully provided all information he has concerning the offense.

Therefore, Mr. Pineda received an additional two level reduction to his guideline calculation making his total offense level 33. Having no prior criminal history, Mr. Pineda's guideline range is 135-168 months.

Mr. Pineda did not receive the benefit of a 5K1.1 motion as did his co-defendants. This is not for lack of trying on his part. He is simply a man without any information that the government found helpful--a nobody in this organization.

Based on Mr. Pineda's role in this case as a person who had no decision making authority, no access to a phone or other communication with anyone on the outside, and the fact that he did not navigate the vessel, he is requesting this Court consider a § 3B1.2 Mitigating Role reduction as he was a minor participant.

## II. MEMORANDUM OF LAW AND ARGUMENT

Mr. Pineda is fully aware this Honorable Court has a complete understanding of the discretion it has based upon the advisory nature of the federal sentencing guidelines, pursuant to *United States v. Booker,* 543 U.S. 220, 245-267, 125 S. Ct 738 (2005) and its progeny. Further, Mr. Pineda understands this Honorable Court has superior knowledge regarding the fact that the factors set forth in 18 U.S.C. 3553(a) are on equal footing with the guidelines in fashioning a sentence that is reasonable, but not greater than necessary, under the law. Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational and vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guideline range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. *Id. See also* 18 U.S.C. § 3553(a) (directing that sentences should be "sufficient, but not greater than necessary" to achieve the purposes of sentencing).

As such, Mr. Pineda takes this opportunity to apply his unique circumstances to the relevant 3553(a) factors.

<u>Request for a Reasonable Sentence Pursuant to § 3553 Factors</u>

Mr. Pineda requests this Court impose a sentence based not only on the adjusted offense level, but on the following § 3553 factors, to achieve a sentence of 120 months. With the exception of the current charges, Mr. Pineda has no prior convictions. A variance from the advisory guidelines is warranted for Mr. Pineda as in his situation, any prison sentence is sufficient, but not greater than necessary punishment for his offense.

Without downplaying the seriousness or the amount of narcotics involved in this case, Mr. Pineda's background shows that this is not a normal part of his life. Mr. Pineda is from Colombia and prior to this incident had never set foot in the United States. He worked as a security guard for the security firm of Servicio Empresarial de Vigilancia in Cali, Colombia when he was contacted by members of the drug organization to travel to different parts of Colombia to participate in this endeavor. He was consistently employed as a security guard since 2011. (See attached Exhibit A with translation). Mr. Pineda did not know the people who approached him, but given the circumstances, he felt he had no choice but to comply. This is said not to take away from his acceptance of responsibility in this situation, but more to point out that this is simply a way of life in parts of Colombia.

Mr. Pineda is a husband and father to five children, four of them still minors whom he supported until the time of his arrest. It is clear from his letters of support, to be discussed

further later, that he has an extremely close relationship with all of his children. Three are currently teenagers and will be well into adulthood before he sees them again. Mr. Pineda's youngest, at the age of five, will not have his father in his life as he matures. His long absence will have numerous effects on his family, not only financially, but most certainly emotionally as well.

Mr. Pineda's wife, Fannely Montano Rodriguez, while mentioning how distraught her children are in her letter of good character, states that her husband "was the backbone of this home." (See attached Exhibit B with translation). Mr. Pineda's sister, Sandra Milena Torres Pineda, too writes of Mr. Pineda's dedication to his family while stating, "We are sure that my brother John Freddy Pineda is in this situation, however we do not understand how it happened, but we do know my brother very well and he would never want to hurt anyone, much less his family because one way or another his children are the most affected by all that is happening." (See attached Exhibit C with translation).

Mr. Pineda's adult son, Cristian Andres Pineda Montano, in his letter of good character asks that this Honorable Court, "Please consider our situation. Children, most of them in the age of adolescence and puberty in which parents are important and indispensable for these stages, a mother with health problems and a strong attachment to her son, several sad relatives in the absence of a loved one, a wife trying to hold four children herself and most importantly: a man who knows everything that is happening to his family due to his absence and the great pain that lives daily for not being there for them." (See attached Exhibit D with translation).

As Mr. Pineda's mother points out in her letter of support, drugs have caused so much pain in their country, that "They have the power to become owners of lives and make decisions for the people they please." (See attached Exhibit E with translation).

There is no question that Mr. Pineda recognizes the seriousness of this offense and realizes that he should be punished accordingly. Mr. Pineda has never been to the United States and has no friends or family here. This separation from his family will be long term. He knows his family will now suffer the consequences for years to come. As the main financial contributor for many of his family members, they will suffer immeasurably while he is incarcerated. It is likely he will have no visitors during his incarceration as his family is too poor to travel. A sentence of ten years is more than enough to achieve the goals of sentencing. There is no benefit the government will receive, other than higher costs, in sentencing him to a greater prison sentence.

## CONCLUSION

Mr. Pineda requests this Honorable Court impose a sentence of 120 months. Such a sentence is more than sufficient to comply with the goals of sentencing.

Respectfully Submitted,
*s/ Maribeth L. Wetzel, Esquire*
Maribeth L. Wetzel, Esquire
Goldman Wetzel, PLLC
915 1st Ave. North
St. Petersburg, FL 33705
Telephone: (727) 828-3900
Facsimile: (727)828-3901
FBN: 540511
Beth@goldmanwetzel.com
Attorney for the Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing has been furnished by Electronic Filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL 33602-3800, and that e-mail notification of this filing will be sent to all interested persons on this 8th day of July, 2016.

/s/ Maribeth Wetzel, Esquire
Maribeth L. Wetzel, Esquire